**Vikram SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72536.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided April 20, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

---

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Michael T. Dougherty, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Vikram Singh argues that the Immigration Judge (IJ) did not make an individualized analysis of his credibility. He claims, therefore, that the IJ's adverse credibility finding and denial of his claims for asylum and withholding of deportation cannot stand.

Contrary to petitioner's claim, the IJ undertook an individualized analysis of Singh's credibility. Among other things, the IJ reasonably inferred that if the police suspected Singh of being a terrorist they would not have promoted him to the status of "career sepoy" and trained him to use FN assault rifles, submachine guns, various pistols and revolvers, hand grenades, and a heavy machine gun. *See Saballo–Cortez v. INS*, 761 F.2d 1259, 1264–65 (9th Cir.1985) (denying petition where adverse credibility finding was based on the reasonable inference that if petitioner were subject to official persecution because of his draft resistance, he would not have been given a passport); *see also Ceballos–Castillo*, 904 F.2d at 521. As in *Saballo–Cortez*, the IJ here properly found that Singh "was not a credible witness because his testimony and the statements in his application for asylum were internally inconsistent and lacked the ring of truth." 761 F.2d at 1266.

To the extent, however, that the IJ imported into his credibility finding the conclusion of the 1997 State Department Addendum on India about Punjab's return to a state of normalcy, the IJ erred. It is not a cogent reason to "discredit the petitioner's testimony of past persecution based on a report describing a general condition of peace in society." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000).

Nonetheless, the record as a whole reflects that the IJ's adverse credibility finding is supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

